Entered on Docket
December 24, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,   No. 11-10535

                    Debtor(s).
_____/

ALAN and ELIZABETH MURRAY,

                    Plaintiff(s),

      v.   A.P. No. 13-1104

MARK HAUGEN,

                    Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

     Before their Chapter 11 filing on February 15, 2011, debtors and plaintiffs Alan and Elizabeth Murray were deeply involved in a feud with a group of tenants, including defendant Mark Haugen, at a resort operated by the Murrays. The feud continued on into the bankruptcy proceedings, with the tenants, including Haugen, filing trumped-up claims in the bankruptcy. The court sustained the Murrays' objection to Haugen's claim on September 23, 2011.

     This adversary proceeding arises out of a *pro se* state court lawsuit Haugen filed against the

1

Murrays on June 7, 2012. His complaint alleged that on June 8, 2010, he was injured when he fell into a hole. The Murrays seek damages for filing the lawsuit in violation of the automatic stay, as well as a permanent injunction barring prosecution of the action. Their motion for summary judgment is now before the court.

Haugen filed his lawsuit after the bankruptcy was commenced and before the plan was confirmed; there is no question that the automatic stay was in effect at that time. There is also no question that Haugen knew all about the bankruptcy; he and his mother were deeply involved in litigation against the Murrays, Haugen's state court attorney was listed on the creditor matrix, and both Haugen and his mother filed proofs of claim in the bankruptcy. A creditor commits a willful violation of the automatic stay when he takes an action prohibited by the automatic stay with knowledge of the bankruptcy. *In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989).

Haugen's state court action is void, since it was filed in violation of the automatic stay. *In re Wardrobe,* 559 F.3d 932, 934 (9th Cir. 2009). It is also barred under principles of claim preclusion (res judicata) by the confirmed plan, which has the effect of a judgment and bars all claims which were actually raised or could have been raised in the bankruptcy. *In re Kelley,* 199 B.R. 698, 702-3 (9th Cir. BAP 1996).

Haugen's only defense is that he is protected from liability for damages by § 342(g)(2) of the Bankruptcy Code, which provides that a monetary penalty may not be imposed on a creditor "unless the conduct which is the basis of such violation . . . occurs after such creditor receives notice effective under this section of the order for relief." Haugen argues that since the order for relief was sent to his attorney and not to him he is immune from monetary damages. However, Haugen ignores § 342(g)(1), which provides that notice of an order for relief is not effective as to a creditor not on the court's service list "until such notice is brought to the attention of such creditor." Once a creditor has knowledge of the bankruptcy, the "safe harbor" from monetary damages provided by § 342(g)(2) no longer applies. *In re Davis,* 498 B.R. 64, 69 (Bkrtcy.D.S.C. 2013). Additionally, since Haugen was

2

actively being represented by attorney Bradford Floyd at the time of the bankruptcy, service of the order for relief on Floyd was sufficient notice to Haugen. *In re Herman,* --- F.3d ----, 2013 WL 6170628 (7th Cir. 2013); *In re Schicke*, 290 B.R. 792, 803 (10th Cir.BAP 2003); *In re Linzer*, 264 B.R. 243, 248 (Bankr.E.D.N.Y. 2001).

The court agrees with Haugen only to the extent that further proceedings should be held in relation to damages. However, the court will grant partial summary judgment to the Murrays declaring that Haugen willfully violated the automatic stay by filing the state court lawsuit and is liable for damages, and that the state court action itself is void and may not be prosecuted in any way. Counsel for the Murrays shall submit an appropriate form of order.

Dated: December 24, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

3