UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,　　　　　　　　　　　No. 11-10535

　　　　　　　　　Debtor(s).
_____/

ALAN and ELIZABETH MURRAY,

　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　A.P. No. 13-1104

MARK HAUGEN,

　　　　　　　　　Defendant(s).
_____/

Memorandum After Trial
_____

　　　　Chapter 11 debtors and plaintiffs Alan and Elizabeth Murray are principals of White Rock Resort LLC, which operates a mobile home park in Smith River, California. Defendant Mark Haugen is a tenant of a space at the mobile home park under a long-term lease. His mother, Betty Haugen, lives on the space in a mobile home she owns.

　　　　Both Mark Haugen and Betty Haugen are part of a small group of tenants who, before bankruptcy, were involved in a long-running feud with the Murrays over mobile home park issues.

1

Both Mark Haugen and his mother filed proofs of claim against the Murrays, who objected to both claims. Betty Haugen's claim was summarily overruled, and the Murrays were awarded their attorneys' fees. Mark Haugen's claim was disallowed by default. Eventually, all of the claims filed by the tenants were either disallowed or withdrawn with prejudice.

Notwithstanding disallowance of his claim, Mark Haugen continued to play an active role in the case and joined with the tenants to oppose the Murrays at every turn. The Murrays obtained confirmation of their plan after a great deal of difficulty, and only after the tenants' objections were overruled.

On June 7, 2012, Mark Haugen filed a complaint against the Murrays *in pro se*, alleging that he had sustained personal injuries on the park property some two years earlier. At the time he filed the suit, he was deeply involved in the feud with the Murrays, actively involved in the Chapter 11 proceedings, and clearly knew he was violating the automatic stay. The Murrays commenced this adversary proceeding seeking damages for violation of the stay shortly after they learned of Haugen's suit, when he attempted to serve them with process.

The court has previously summarily ruled that Haugen was guilty of a willful violation of the automatic stay for filing the complaint without leave of court. The only remaining issue is the amount of damages to which the Murrays are entitled pursuant to § 362(k)(1) of the Bankruptcy Code.

Haugen argues that the health problems alleged by Alan Murray were trivial, but the evidence established that they were real, substantial, and directly caused by Haugen's wrongful conduct. The Chapter 11 process was very stressful for the Murrays, but they believed that confirmation of their plan put all of the strife behind them. Alan Murray encountered Mark Haugen at the park in June of 2013 and made conciliatory comments to him, not realizing at that time that Haugen had sued him and his wife. Haugen said nothing at the time, but attempted service on the Murrays just a few days later. This greatly upset Alan Murray, who began to have cardiac problems for the first time. Murray incurred at least $8,000.00 in medical expenses as a direct result of the stress Haugen caused by bringing his action in violation of the automatic stay. The court will award him general damages for

the considerable emotional distress he suffered in the amount of $15,000.00. In addition, the Murrays incurred at least $1,000.00 in attorneys' fees dealing with Haugen's wrongful actions prior to the filing of their complaint.

The court is very unhappy to be dealing with this matter after it, like the Murrays, thought that all of the issues between the parties had been litigated and concluded. Haugen's actions are particularly despicable in that he kept his wrongful action a secret from the Murrays until Alan Murray attempted to be conciliatory. Haugen's service of the suit was nothing less than a declaration that he intended to continue feuding with the Murrays notwithstanding disallowance of his claim and confirmation of their plan. The court feels strongly that this conduct requires punitive damages, which the court will assess in the amount of $7,500.00.

The Murrays argue that they are entitled to recover from Mark Haugen $5,536.90 in attorneys' fees awarded against his mother, Betty Haugen, in their successful objection to her $200,000 proof of claim. The Murrays' sole argument is that Provision 9 of the Mark Haugen's lease gives them the right to recover these fees from him. However, the lessor is White Rock Resort, not the Murrays. The Murrays have presented no evidence to establish that any rights under the lease were transferred to them personally. Accordingly, Mark Haugen is not liable to the Murrays for the attorneys' fee award against his mother.

The Murrays have prayed for a mandatory injunction requiring Haugen to dismiss his wrongfully-filed complaint. However, the court cannot grant this for two reasons. First, the complaint also named White Rock Resort, which is not in bankruptcy and not protected by the automatic stay. Second, in an order filed in the base case on February 15, 2014, the court left the door open for Haugen to prosecute the action against the Murrays to the extent of insurance coverage; requiring dismissal would be inconsistent with that order. However, the court will declare that Haugen's lawsuit is void as to the Murrays personally and permanently enjoin him from prosecuting it against the Murrays in any way, save and except as allowed by the court's order of February 15, 2014.

To summarize, the Murrays shall have judgment against Mark Haugen in the amount of

$15,000.00 in general damages, $8,000.00 in medical expenses, $1,000.00 in pre-adversary proceeding attorneys' fees, and $7,500.00 in punitive damages, for a total of $31,500.00. They shall also have injunctive relief as set forth above, and shall recover their costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Murrays shall submit an appropriate form of judgment.

Dated: June 4, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge