UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALAN and ELIZABETH MURRAY,            No. 11-10535

            Debtor(s).
_____/

ALAN and ELIZABETH MURRAY,

            Plaintiff(s),

      v.                                        A.P. No. 13-1104

MARK HAUGEN,

            Defendant(s).
_____/

Memorandum on Motion for Attorneys Fees on Appeal
_____

      Plaintiffs have moved the court for an award of $12,464.10 in attorney's fees for successfully defending on appeal the court's judgment for damages against defendant for violation of the automatic stay. Although the overall amount of the request seems quite reasonable, defendant objects. The sole ground for his objection is that the hourly rate for the junior lawyer is higher than the average rate law firms charge for junior associates.

1

While $350 per hour may be a higher than average billing rate for new lawyers, these fees must be considered in the context of the case particular law firm doing the billing. Merely being above average is not a ground for finding fees unreasonable.

In this case, the firm representing plaintiffs is headed by a distinguished attorney with over 30 years of able specialized practice in bankruptcy law. His hourly rate of $520 per hour is entirely justified, and defendant does not quarrel with it. The same senior counsel did almost all of the trial work in this matter; had he not delegated much of the appeal work to the junior associate, the fees sought would have been much higher. Thus, defendant is objecting to fees which were obviously incurred competently and necessitated by his fruitless appeal, even though the delegation saved him a considerable amount.

Judge Peter Carroll recently noted:

> An attorney's customary billing practices are presumptively correct. While they may not be dispositive, departing from them requires a reason and information which would warrant the conclusion that the presumption accorded to counsel's regular practice should not be followed. Thus, the burden is on the objector "to establish a good reason why a lower rate is essential to access a 'reasonable attorney's fee.'"

*In re Shalan Enterprises, Inc.,* 2012 WL 1345328*7 (Bkrtcy.C.D.Cal 2012). The rates charged by plaintiffs' law firm were its customary rates. Assigning much of the appeal work to the junior associate resulted in considerable savings to plaintiffs while obtaining a favorable result. It would be ironic if the same billing policy which benefitted the plaintiffs, who have to actually pay the fees, could be a source of objection for defendant, who may never have the means to reimburse plaintiffs for them.

In this locality, a rate of $350 an hour for a junior associate is not unreasonable where the law firm is specialized, has a strong reputation and good results were obtained. *Kilopass Technology, Inc. v. Sidense Corporation*, --- F.Supp.3d ----, 2015 WL 1065883*11 (N.D.Cal 2105). The court finds that a rate of $350 for junior counsel is reasonable in this case. Accordingly, the objection will be overruled and the motion granted in full.

Counsel for plaintiffs shall submit an appropriate form of order.

Dated: August 24, 2015

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3